NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ROSE MICKALSKI, PETITIONER, v. STANDARD UNDERGROUND CABLE COMPANY, RESPONDENT.

A petition was filed and served in the above-entitled case praying for compensation for the death of the petitioner's husband as a result of an accident in the course of his employment, and an answer was duly filed by the respondent. It appears that the decedent met with an accident on September 1st, 1927, when he fell from a bench and suffered a laceration of the scalp and a possible fracture of two ribs on

the right side. The man continued under treatment, and was discharged as cured by the attending physician on December 9th, 1927, although it appeared that the decedent made a few more visits to his doctor after that date for observation. On June 19th, 1928, the petitioner's husband died at the Perth Amboy City Hospital, and the death certificate gave as the cause of death "lung abscess. Acute." On March 8th the petitioner's husband was examined by a doctor for the respondent, who reported that the man had entirely recovered from his accident, that no permanent disability had resulted from the injury, and that X-rays which he had taken failed to show the presence of any fractures of the ribs on the right side of the body. From this state of facts, the petitioner claimed that the decedent's death was the direct result of his injury. On the other hand, the doctors for the respondent contended that it was only remotely possible that there was any connection between the man's injury from which he had practically recovered in September, 1927, and his death over six months later. Also, Dr. M. F. Urbanski, who signed the death certificate, stated that he could not say with certainty that there was any connection between the two incidents, and in his opinion there was only a possibility that the injury was a predisposing cause to the condition which resulted in death. In view of these conflicting claims, an agreement by compromise was reached between Attorney Max Kummel, representing the petitioner, and Attorney Richard W. Baker, representing the respondent, and the deputy commissioner was asked to approve the agreement and enter an award on the same.

I therefore find and determine that there is a real question involved in this case as to whether the death of the petitioner's husband was due to natural causes or a condition caused or aggravated by the decedent's injury in the course of his employment. Under an agreement by compromise reached between the attorneys for the petitioner and the respondent, I find that the petitioner is entitled to the sum of $1,000 to cover funeral and medical expenses, and that the petitioner's attorney is entitled to a counsel fee of $200, half of which

is to be paid by the petitioner and the other half by the respondent, and I further find that the petitioner's attorney is entitled to the sum of $25, .to be paid by the respondent to cover medical expenses incurred.

\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*